IN THE UNITED STATES DISTRICT COURT
                        WESTERN DISTRICT OF ARKANSAS
                              HARRISON DIVISION

GARY D. UTTER                                                    PLAINTIFF

            v.              Civil No. 09-MC-3

UNITED STATES OF AMERICA                                         DEFENDANT

                              O R D E R

     Now on this 22nd day of June, 2010, come on for consideration
plaintiff's **Motion For Default Judgment** (document #8) and **United
States' Motion To Dismiss Or Deny The Petition To Quash And For
Enforcement Of The Summonses** (document #9), and from said motions,
and the responses thereto, the Court finds and orders as follows:

     1.    Plaintiff Gary Utter ("Utter") filed a Petition To Quash
Summons (the "Petition"), which he later amended to cover two
administrative summonses issued by the IRS for documents
pertaining to him.  He contends that the statute authorizing the
summonses, **26 U.S.C. § 7602**, violates the Fourth Amendment to the
United States Constitution, and is "not the law," but "a mere
representation of certain of the Statutes at Large."

     2.    Utter moved for default judgment against the United
States, contending they had not responded to the Petition in a
timely fashion.  The United States, for its part, moved to
dismiss, contending that there was insufficient service of
process, and that the broad investigative authority of **§ 7602** was
approved by the United States Supreme Court in **U.S. v. Arthur**

**Young & Co.**, 465 U.S. 805 (1984) and **U.S. v. Powell**, 379 U.S. 48 **(1964)**.

3.   The Court will not dwell long on either Utter's Motion For Default Judgment, or the United States' request for dismissal based on insufficient service of process.   After the pending motions were filed, Utter obtained the necessary summonses and served them, thus conceding that his Motion For Default Judgment is without merit and mooting the United States' contention that service of process was insufficient.

4.   Utter does not flesh out his Fourth Amendment argument with any citations to authority, merely contending that the Fourth Amendment "prohibits warrantless searches and specifies strict conditions for obtaining warrants, including sworn testimony of first-hand knowledge of criminal acts."   This appears to be a layperson's assertion of the probable cause standard applicable to the issuance of search warrants.

The documents here challenged are not search warrants, but administrative summonses, subject to more lenient issuance standards.   The substantive law in question, **26  U.S.C. § 7602**, provides in relevant part that "[f]or the purpose of . . . determining the liability of any person for any internal revenue tax . . . the Secretary is authorized . . .[t]o examine any books, papers, records, or other data which may be relevant to such inquiry" and "[t]o summon . . . any person having possession,

custody, or care of books of account containing entries relating to the business of the person liable for tax . . ."

A summons issued pursuant to **§ 7602** requires no showing of probable cause.  In **_Powell_**, the Court held that the IRS "need make no showing of probable cause to suspect fraud unless the taxpayer raises a substantial question that judicial enforcement of the administrative summons would be an abusive use of the court's process." **379 U.S. at 51.**  The Court went on to say that its view of the statute "is reinforced by the general rejection of probable cause requirements in like circumstances involving other agencies." _Id._ **at 57.**  It concluded that

> [r]eading the statutes as we do, the commissioner need not meet any standard of probable cause to obtain enforcement of his summons. . . . He must show that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the Commissioner's possession, and that the administrative steps required by the Code have been followed . . . .

_Id._ **at 57-58.**

5.   The challenged summonses direct two custodians to appear and produce "[t]he name of the bank, and the account number, from which Gary Utter's rent is drafted."

In a sworn declaration, Revenue Agent Phil Rampey avers that he is "conducting an investigation to determine whether Gary Utter is liable for civil penalties under 26 U.S.C. §§ 6694, 6695, 6700, and/or 6701 . . . ."  He further avers that the summoned testimony

-3-

and documents are relevant to this investigation because they

> will provide me with Utter's bank account information,
> which is relevant to analyzing the deposits in those
> accounts in order to determine the source of Utter's
> income, the identities of Utter's clients who may have
> paid him to prepare tax returns, and the number of tax
> returns that Utter prepared for a fee and failed to sign
> and/or failed to provide an identifying return preparer
> number.

The sworn declaration of Revenue Agent Rampey establishes the elements required to support the issuance of an administrative summons pursuant to § 7602, and the Court, therefore, concludes that Utter's Fourth Amendment argument is without merit.

6.   Utter's "statutes at large" argument is likewise without merit. As explained in **U.S. National Bank of Oregon v. Independent Insurance Agents of America, Inc.**, 508 U.S. 439 (1993),

> [t]hough the appearance of a provision in the current
> edition of the United States Code is "prima facie"
> evidence that the provision has the force of law, it is
> the Statutes at Large that provides the "legal evidence
> of the law," and despite its omission from the Code [a
> law] remains on the books if the Statutes at Large so
> dictates.

**508 U.S. at 448** (internal citations omitted).  Here, there is no showing that the Code and the Statutes at Large differ with respect to the text of § 7602, and thus no showing of any infirmity in that statute.

7.   For the foregoing reasons, the Court finds that United States' Motion To Dismiss Or Deny The Petition To Quash And For Enforcement Of The Summonses (document #9) should be granted.

-4-

**IT IS THEREFORE ORDERED** that plaintiff's **Motion For Default Judgment** (document #8) is **denied.**

**IT IS FURTHER ORDERED** that the **United States' Motion To Dismiss Or Deny The Petition To Quash And For Enforcement Of The Summonses** (document #9) is **granted,** and both plaintiff's Petition To Quash Summons and Amended Petition To Quash Summons are **dismissed.**

**IT IS SO ORDERED.**

       /s/ Jimm Larry Hendren
       **JIMM LARRY HENDREN**
       **UNITED STATES DISTRICT JUDGE**